## 17556

Manie F. REID, Appellant, v. GEORGE WASHINGTON LIFE
INSURANCE COMPANY, Respondent

(109 S. E. (2d) 577)

*Messrs. Harvey W. Johnson* and *James B. Stephen,* of Spartanburg, *for Appellant,*

*Messrs. Carlisle, Brown & Carlisle,* of Spartanburg, *for Respondent,*

July 15, 1959.

STUKES, Chief Justice.

This is an appeal from an order sustaining demurrer to the complaint in an action for damages against the respondent Insurance Company.

The following is the "statement" in appellant's brief:

"Appellant, an eighty-year-old lady, instituted this action in fraud and deceit on May 9, 1958. The lawsuit arises out

of alleged misrepresentations uttered by respondent's agent when he sold appellant health and hospital insurance policy issued by respondent in March, 1951. After maintaining the policy for about seven years, appellant filed claim for medical bills which included doctor's calls and ambulance service. Upon denial of this claim by respondent, appellant discovered that such benefits were not included in the policy, but alleges that respondent's agent represented otherwise at the time of the sale, and that she relied on his representation as being true, and was thereby induced to purchase and maintain the policy. The complaint also avers the falsity of the representation which was known to be false by respondent, but made with the intention of appellant relying thereon. Actual and punitive damages are sought." (The complaint also alleged false advertisement by respondent.)

The demurrer was sustained on the ground that the complaint shows on its face that the appellant had the policy for about seven years before she discovered that it did not contain the coverage which she believed it to contain, which was ample opportunity to learn what it provided and negates the alleged cause of action, citing *Frierson v. Inter-Ocean Casualty Co.,* 168 S. C. 178, 167 S. E. 232, and *Dukes v. Life Insurance Company of Virginia,* 184 S. C. 500, 193 S. E. 36.

We are constrained to agree and we add the following authorities: *Hood v. Life & Casualty Ins. Co.,* 173 S. C. 139, 175 S. E. 76; *Souba v. Life Ins. Co. of Va.,* 187 S. C. 311, 197 S. E. 826, and *O'Connor v. Brotherhood of R. R. Trainmen,* 217 S. C. 442, 60 S. E. (2d) 885.

Commenting upon the *Frierson case, supra,* and applying the authority of it in the *Hood case, supra,* the court said, 173 S. C. 148, 175 S. E. 79: "Plaintiff contended in the *Frierson case* that the agent had stated to her that the policy provided for payment of the benefits in case of death 'from any cause,' and that she relied upon his representations, while it turned out that the policy provided for 'ac-

cident benefits' only. The court held, in the circumstances stated, that even if the insurance company practiced the alleged fraud on her, there was no actionable fraud, for the reason she had failed to take advantage of the opportunity given her to inspect the policy and to learn the truth as to its provisions. And we say here that even if the agent in the case at bar made the statement concerning the policy which the plaintiff claims he made, there was no actionable fraud, for the reason that she failed to take advantage of the means afforded her of learning the truth as to what the policy contained." In the *Hood case* the plaintiff had access to the policy for something over a year and opportunity to learn its contents.

In the *Souba case, supra,* a period of four months was involved and the court held and said, 187 S. C. at page 320, 197 S. E. at page 829: "Even if the agents made the statements, oral and written, concerning the change of beneficiary which the plaintiff asserts they made, there was no actionable fraud, for the reason that she failed to take advantage of the opportunity and means afforded her of learning the truth."

There were ten months of opportunity for plaintiff to learn the contents of his insurance contract in *O'Connor's case, supra,* and we held that his reckless disregard of his duty to avail himself of the opportunity and means at hand to protect his own interest precluded recovery. We quote from the opinion, 217 S. C. at page 449, 60 S. E. (2d) at page 886: "Respondent also had an opportunity of learning the truth after his policy was issued. There was attached to it a copy of the application. He kept the policy in his possession for a period of approximately ten months without making any effort to read the application which he had signed. We have consistently followed the rule that ordinarily one cannot complain of fraud in the misrepresentation of the contents of a written instrument signed by him when the truth could have been ascertained by reading the instrument, and that one entering into a writ-

ten contract should read it and avail himself of every reasonable opportunity to understand its content and meaning."

The complaint in the case at bar does not state a cause of action within the rule of *Thomas v. American Workmen,* 197 S. C. 178, 14 S. E. (2d) 886, 136 A. L. R. 1, and *Shumpert v. Service Life & Health Ins. Co.,* 220 S. C. 401, 68 S. E. (2d) 340, relied upon by appellant, simply because it does not contain any allegations of ignorance, illiteracy of the insured from any cause at the time she procured the policy, or afterward for that matter.

In the *O'Connor case, supra,* the *Thomas case* was distinguished as we distinguish it and the *Shumpert case* here, as follows: 217 S. C. at page 451, 60 S. E. (2d) at page 888: "We have not overlooked *Thomas v. American Workmen,* 197 S. C. 178, 14 S. E. (2d) 886, 136 A. L. R. 1, which was an action for fraud and deceit based on misrepresentations by the soliciting agent concerning coverage of policy and weekly benefits. In that case the plaintiff and her husband were illiterate Negroes, unable to read or write, and utterly without experience in business transactions. It was further shown that the soliciting agent purported to read the policy to the plaintiff and assured her that it carried the sick benefit provisions which she believed it contained. The Court held that the question of whether the plaintiff was negligent and reckless in failing to avail herself of the opportunity and means at hand to protect her interests and safeguard her rights was properly submitted to the jury. The *Thomas case* is based on the salutary and just principle that a wrongdoer cannot shield himself from liability by asking the law to condemn the credulity of the ignorant and unwary. We adhere to that principle but the facts in the instant case do not warrant its application."

Affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.