18894

Mrs. Jim BOWEN, Respondent, v. M. L. JOHNSON, d/b/a
Red Johnson Dodge, Appellant

(166 S. E. (2d) 766)

424

*Winston W. Vaught, Esq.,* of Conway, *for Appellant,*

*Messrs. McCaskill & Thompson,* of Conway, *for Respondent,*

March 19, 1969.

Bussey, Justice.

In this action based on fraud plaintiff obtained a verdict for $500.00 actual damages and $3,500.00 punitive damages. The defendant has appealed from an order refusing a new

trial absolute, contending that the verdict was so excessive as to both actual and punitive damages as to entitle him to a new trial.

The jury verdict being in favor of the plaintiff, her version of the facts is stated. On Wednesday, July 20, 1966, plaintiff, a resident of Myrtle Beach, South Carolina, experienced some difficulty with the gears of her Dodge automobile and the same was taken late that afternoon to defendant's place of business in Conway. There she was told by an agent of the defendant that the cost of repair would be substantial, but that if she did not hear from him by Friday afternoon, she should come get the car. Hearing nothing, she returned on Friday afternoon when she was told by the defendant that the transmission of her car was beyond repair and that they had installed a rebuilt transmission. Based on such representation by the defendant, the plaintiff paid her bill in the amount of $135.24, by check drawn on a Myrtle Beach bank. She proceeded only two blocks from defendant's place of business when she found that the gears still would not work. She promptly returned to defendant's garage but found it closed, and as a result of being unable to drive the automobile, she, her husband, who was a disabled veteran, and their two children were compelled to spend the night in Conway.

She returned early Saturday morning to defendant's garage and, after some examination of her car, it was discovered by her husband that the defendant, instead of installing a rebuilt transmission, had removed from plaintiff's automobile the transmission and replaced the same with a badly worn used transmission, a fact later confirmed at Hamilton's, the Chrysler dealer in Conway. Upon discovering the fraud, plaintiff immediately called her bank in Myrtle Beach and tried unsuccessfully to stop payment on the check. As a result of this call, made with the knowledge of the defendant, he refused to allow her to remove her automobile from the premises in the absence of a court order.

She proceeded to try to locate either the sheriff or a magistrate, but was unsuccessful in doing so, and at some time later in the morning the defendant released the car without any legal process. It is clearly inferable that he did so only because he had, in the meantime, ascertained that his wife had cashed plaintiff's check for him early that morning in Myrtle Beach.

Upon plaintiff's car being released by defendant, she took it to Hamilton's where sufficient temporary repairs were made to enable her to return to her home for the weekend, and, on Monday morning, the car was returned to Hamilton's where it remained under repair until the following Monday, August 1st. Hamilton's completely rebuilt the worn transmission installed by the defendant, and its total bill was in the amount of $111.18. What portion of that bill covered the temporary repairs, as opposed to permanent repairs, does not appear. The actual condition or value of plaintiff's transmission removed and retained by the defendant does not appear. During the period of time the car was at Hamilton's for repair, plaintiff's husband was hospitalized and she experienced difficulty in obtaining transportation back and forth to the hospital, but the cost thereof does not appear.

The defendant contends that he was entitled to a new trial because, quoting from his first exception, "(T)here was no testimony showing any actual damage in excess of $135.24 and the verdict was for $500 actual damages."

"The measure of damages for fraud is, as a general rule, the actual pecuniary loss sustained. Thus, as a general rule, one injured by the commission of fraud is entitled to recover such damages in a tort action as will compensate him for the loss or injury actually sustained and place him in the same position that he would have occupied had he not been defrauded." 37 Am. Jur. (2d) 458, Fraud and Deceit, Sec. 342.

Of course, the recoverable damages are such as result ■■ directly, naturally and proximately from the fraud. *Thomas v. American Workmen,* 197 S. C. 178, 14 S. E. (2d) 886, 136 A. L. R. 1. Here, as in the case of *Aaron v. Hampton Motors, Inc.,* 240 S. C. 26, 124 S. E. (2d) 585, the evidence as to actual damages, properly recoverable, is somewhat vague and indefinite, and it would, indeed, be difficult to determine from the record precisely what damages sustained by the plaintiff resulted directly, naturally and proximately from the fraud of the defendant. We shall not undertake to do so. The charge of the trial judge is not included in the record and counsel for defendant interposed no objection to plaintiff's evidence as to the various elements of damage sustained by her. As far as the record shows, the jury was allowed to consider, without objection, all elements of damage proved by the plaintiff. Under these circumstances, defendant's contention that actual damages should have been limited to the sum paid him and that he is, accordingly, entitled to a new trial, comes too late for consideration.

The defendant also contends that the total verdict ■■ was so grossly excessive as to indicate passion, prejudice and caprice on the part of the jury. In determining the amount of punitive damages, the jury could properly consider not only the intentional, wilful fraud of the defendant, but his mental attitude at the time of the false representation and his subsequent conduct, including his attitude and testimony during the trial. *Cf. Young v. Goodyear Service Stores,* 244 S. C. 493, 137 S. E. (2d) 578.

The following quotation from *Aaron v. Hampton Motors, Inc.,* 240 S. C. 26, 124 S. E. (2d) 585, is here quite applicable,

"The verdict in the case at bar may or may not be subject to the charge of overliberality; but that is a matter with which we have no concern. The power of this court to strike down a verdict in toto is exercised only in those rare in-

stances in which its amount is so shockingly excessive as manifestly to show that the jury was actuated by passion, partiality, prejudice or corruption. *Mock v. Atlantic Coast Line R. Co.*, 227 S. C. 245, 87 S. E. (2d) 830. The record in this case does not enable us to reach that conclusion."

Affirmed.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.