20379

David DOUB, d/b/a D. & D. Body Works, Appellant, v. WEATHERSBY-BREELAND INSURANCE AGENCY, Respondent.

(233 S. E. (2d) 111)

*Messrs. James Coffas,* and *Theodore L. Hostetter,* of *Kosko, Coffas & Hostetter, David Ratchford,* of *Ratchford & Eleazer,* Columbia, *for Appellant,*

*Messrs. J. Reese Daniel,* and *Robinson, McFadden, Moore & Pope,* of Columbia, *for Respondent,*

March 9, 1977.

*Per Curiam:*

The order under appeal correctly disposes of the issues and, with certain deletions, will be reported as the judgment of the Court.

## ORDER OF JUDGE GRIMBALL

As originally brought, Insurance Company of North America was a defendant in this action; but, by Order of this Court dated July 16, 1975, filed July 21, 1975, a motion of that defendant for summary judgment as to it was granted, and it was dismissed from this suit, with prejudice. Consequently, the above named are the parties to this action, tried before this Court and a jury in the Court of Common Pleas for Richland County on February 4th, 1976.

This action arose following the collapse of the roof and damage to other parts of a building owned by plaintiff, who was and is in business as an individual, caused by the snow and ice storm in this section which occurred in January, 1973. Following this loss, plaintiff made claim for indemnity by reason of an insurance policy issued to him by Insurance Company of North America (INA) which had been written by and through Weathersby-Breeland Insurance Agency, the present defendant in this action. While neither the complaint nor its answer specify the legal identity of that Agency, the testimony at the trial was that, in 1973, and prior thereto,

it was a partnership, the partners being Jack R. Weathersby and Richard Breeland, both of whom testified at the trial.

The policy issued by INA was a standard fire insurance policy, providing coverage against fire and lightning, extended coverage, and vandalism and malicious mischief, in the amount of $40,000.00, for the period commencing July 7, 1971 and expiring July 7, 1974. The policy provided, *inter alia:*

Provisions Applicable Only to Windstorm and Hail: This Company shall not be liable for loss caused directly or indirectly by frost or cold weather, or ice (other than hail), snow or sleet, whether driven by wind or not.

By reason of this exclusion, INA denied coverage for this loss, and this action followed. As this Court construes the complaint, it is not an action on the policy (plaintiff apparently recognizing the validity of this exclusion), but is based on fraud and misrepresentation, seeking damages, actual and punitive, in the sum of $140,000. While in argument before this Court during the trial plaintiff indicated that the action might be based upon the insurance policy, the nature of the action, the allegations of the complaint, and the nature of relief sought compel the conclusion that the basis of this action is fraud and misrepresentation.

Most of the pertinent and controlling facts in this case are undisputed, and the documentary evidence is consistent throughout.

When plaintiff first acquired the premises insured, located on South Assembly Street in Columbia, he procured insurance coverage issued by American Casualty Company through the Hardy Insurance Agency of Columbia. This coverage was in the amount of $34,000.00, and insured against fire and lightning, extended coverage, and vandalism and malicious mischief. The premises consisted of three office rooms at the front, facing Assembly Street, and a large body shop building at the rear, where plaintiff conducted his business.

Weathersby-Breeland rented the three office rooms at the front from plaintiff (the evidence is that it does so today); and when the American Casualty policy issued through the Hardy Agency expired in 1967, plaintiff testified that he decided to place all his insurance through Weathersby-Breeland. Defendant procured this policy from plaintiff and had issued another policy in The Hanover Insurance Company affording the same coverage as that provided by The American Casualty Company, except that, as agreed by both parties in their testimony, the amount of insurance was increased from $34,000.00 to $40,000.00 at the suggestion of the defendant.

The Hanover Insurance Company policy contained the same exclusion from loss "caused directly or indirectly by frost or cold weather, or ice (other than hail), snow or sleet, whether driven by wind or not", as that contained in the INA policy, and identically the same exclusion was contained in the policy written by American Casualty Company through the Hardy Agency. It was written for a term commencing December 27, 1967, when the American Casualty Company policy expired, and expiring December 27, 1970.

On December 27, 1970, Weathersby-Breeland had another similar policy covering the premises issued to plaintiff in The Hanover Insurance Company, for a term commencing December 27, 1970, and expiring December 27, 1973. This policy covered the same risks and contained the identical exclusion from its coverage of "loss caused directly or indirectly by frost or cold weather, or ice (other than hail), snow or sleet, whether driven by wind or not." For some reason, The Hanover Insurance Company cancelled the coverage by notification effective as of July 7, 1971; and after some negotiations neither relevant nor pertinent to the issues now before this Court, Weathersby-Breeland procured similar coverage on the premises in the same amount against the same risks from Insurance Company of North America.

It is undisputed, and cannot be disputed, since the policies speak for themselves, that the American Casualty policy writ-

ten through the Hardy Agency, the two Hanover policies, and the INA policy, written through Weathersby-Breeland, all contained the same exclusion providing, in substance, that loss resulting from frost, cold weather, ice (other than hail), snow and sleet was not covered.

. . . . .

The basis of this action, as set out in the complaint, is as follows:

After alleging that Weathersby-Breeland was an agent of INA, their original co-defendant, plaintiff alleges that, when he purchased the INA policy, he thought he was procuring insurance with extended coverage, insuring his premises against loss due to natural hazards; that he was induced to purchase this policy by the representations of Weathersby-Breeland that the extended coverage insured and protected him against all loss due to natural catastrophe; that, relying on these representations, he cancelled his then existing coverage with other companies; that Weathersby-Breeland knew of his desire for total coverage against all natural hazards, and represented to him that he was covered against all such hazards; that, relying upon such representations, he did not read the policy issued to him and did not procure insurance from other sources; that Weathersby-Breeland knew or should have known that the policy they procured for him did not conform to these representations; and that, as a result of these misrepresentations, plaintiff is entitled to damages, actual and punitive, in the sum of $140,000.00.

. . . . .

Plaintiff admits that he never read the INA policy. Also, he read neither the American Casualty policy nor the two Hanover policies issued to him through Weathersby-Breeland following the expiration of the American Casualty policy written through the Hardy Agency, by his own admissions from the witness stand. Each of these four policies insured against identical risks, and each contained an identical exclusion eliminating from its coverage loss by frost,

cold weather, snow, sleet or ice, of which he now complains. From the undisputed evidence, and by his own admissions, from 1965 until the date of the snow and ice storm, January 8, 1973, plaintiff had in his possession written instruments, the four policies; and, had he been sufficiently careful to read them, and exercised reasonable prudence, he should have known, and would have known, that damage from snow, sleet and ice was excluded from the coverage of these policies. There is nothing in the language of this exclusion that is ambiguous and difficult to understand, and plaintiff's statement to the effect that "if I had read it I wouldn't have understood it" is hardly credible.

Plaintiff is not an ignorant or illiterate man, and his appearance and manner are those of one possessed of intelligence. He graduated from high school in Columbia, went into business, first with his father and then by himself, has operated a body shop for approximately fifteen years, has had anywhere from three to eight employees working under him, has owned at least two, and possibly more, homes, has acquired and still owns the business premises at South Assembly Street in Columbia; and, in general, is a man of reasonable education, intelligence and business experience. The principle upon which *Thomas v. American Workmen,* 197 S. C. 178, 14 S. E. (2d) 886 (1941), was decided has no application here.

Plaintiff bases his alleged right to recover in this action upon the statement he testified was made to him by Weathersby and Breeland, primarily Weathersby, that the policy issued to him by INA "covered him against everything". Both Weathersby and Breeland categorically deny ever having made such statement to plaintiff; and, in effect, each testified that he never made such statement to anyone at any time about an insurance policy. Additionally, plaintiff testified that, when he notified Weathersby of the damage to his building from the snow and ice, and made claim for such loss, Weathersby stated to him "No one writes that

kind of insurance." Again, Weathersby positively denied ever having made such statement; and, to the contrary, testified that such insurance could be procured for an additional premium.

Plaintiff admitted, in his testimony, that coverage against loss by snow and ice was never mentioned. He based his alleged right to recover on his testimony that he was orally told, by Weathersby, that he was covered, that he was covered against everything.

At the conclusion of the testimony, defendants moved for a directed verdict in their favor on two grounds: (1) that plaintiff, even assuming misrepresentation, had no right to rely upon such oral misrepresentation of a written document (the policy) which he had had in his possession for eighteen months prior to the damage from snow and ice, and the terms of which were available to him during that period had he taken care to read the policy, and particularly in view of the fact that the coverage, conditions and exclusions in the INA policy were identical with those in the American Casualty policy written by the Hardy Agency which he brought Weathersby-Breeland when they were first approached by him to procure his insurance; and (2) there is no evidence whatsoever that plaintiff made any change or took any affirmative action to his detriment in reliance upon such alleged representation.

\* \* \*

It is well settled in this State that one cannot complain of fraud in the misrepresentation of the contents of a written instrument in his possession when the truth could have been ascertained by his reading the instrument. One entering into a contract should read it and avail himself of every reasonable opportunity to understand its contents and meaning. *Reid v. George Washington Life Insurance Company,* 234 S. C. 599, 109 S. E. (2d) 577 (1959), and the cases therein cited.

See also *O'Connor v. Brotherhood of Railroad Trainmen,* 217 S. C. 442, 60 S. E. (2d) 884 (1950) ; .... ; *Parnell v. United American Insurance Company,* 246 S. C. 26, 142 S. E. (2d) 204 (1965) ; *J. B. Colt Co. v. Britt,* 129 S. C. 226, 123 S. E. 845 (1924), in which this established principle and its rationale were first clearly stated.

While this is not an action between an insured and the insurer upon a contract of insurance, under the facts of this case the principles enunciated in the cases cited above are equally applicable. Here, plaintiff had eighteen months to inform himself as to the terms, conditions and exclusions in the written contract to which he was a party. He made no effort to do so, and never read the contract. The facts here are entirely different and distinguishable from those in *Riddle-Duckworth, Inc. v. Sullivan,* 253 S. C. 411, 171 S. E. (2d) 486 (1969), where the insured had read the policy contract, had not understood the coverage on certain items, including the elevator, and had specifically asked if the operation of the elevator was covered, to which defendant agent, an experienced insurance agent, had replied that it was. Here, plaintiff never read his policy and made no inquiries as to any of its specific terms and provisions, and continued to ignore the written instrument for eighteen months.

*Riddle-Duckworth* recognizes that an insured cannot abandon all care, 253 S. C. at 423, 171 S. E. (2d) 486, as plaintiff did in this case.

In light of the facts of this case and the law applicable thereto, it is the Court's opinion that defendant is clearly entitled to a directed verdict in its favor; and, therefore, it is

*Ordered* that defendant be, and it hereby is, awarded judgment in this action.