## 20418

H. M. KEOWN, Respondent, v. Arthur E. HOLMAN, Jr., Individually and doing business as Holman Insurance Agency, Appellant.
(234 S. E. (2d) 868)

*Messrs. Doyle, Palmer & Cofield,* of Anderson, *for Appellant,*

*Messrs. Watkins, Vandiver, Kirven, Long & Gable,* of Anderson, *for Respondent,*

May 4, 1977.

RHODES, Justice:

This appeal is from an order of the trial judge denying Defendant's motion for a directed verdict. We reverse.

Plaintiff, engaged in the business of constructing new homes, instituted this action against Defendant, an insurance agent. Defendant had procured for Plaintiff in January of 1972 an Automatic Builder's Risk Policy to run for a three-year term with an expiration date of 12:00 o'clock noon on January 24, 1975. This policy was intended to insure every home under construction by Plaintiff during the term of the policy against loss or damage due to fire. At approximately 10:30 o'clock on the night of January 24, 1975, the

only remaining home covered under the policy burned. Following this loss, Plaintiff contacted Defendant to determine whether insurance proceeds covering the loss would be paid. Eventually, Plaintiff was informed that the insurer would pay nothing since the policy had expired at the time of the fire and the home was not covered.

In his Complaint, Plaintiff alleged that Defendant had negligently failed to renew the policy in question despite a course of dealing whereby other insurance policies (most notably, howeowner's insurance and automobile liability insurance) had been automatically renewed by Defendant. Plaintiff alleged that, as a proximate result of Defendant's negligent failure to renew the Automatic Builder's Risk Policy, he was left without insurance coverage at the time of the fire loss and thereby sustained monetary damage. It is Plaintiff's contention that he relied on the course of dealing, referred to above, with respect to the Automatic Builder's Risk Policy and that he had the right to do so.

Defendant moved for a directed verdict on three grounds. One of these grounds was that Plaintiff was contributorily negligent in allowing his policy to lapse and that this negligence constituted a proximate cause of any damage which Plaintiff may have sustained. The trial judge denied the motion on all three of the stated grounds. The jury returned a verdict in favor of Plaintiff awarding him $1,000 actual damages.

In our opinion, the trial judge erred in refusing to grant Defendant's motion for a directed verdict on the ground that Plaintiff was contributorily negligent as a matter of law. Our decision is governed by *Doub v. Weathersby-Breeland Ins. Agency,* S. C., 233 S. E. (2d) 111 (filed March 9, 1977), and the cases cited therein. Although *Doub* involved a cause of action for fraud and deceit on the part of an insurance agent while the instant case is premised on negligence, the principles set forth in *Doub* are equally applicable to this case.

The evidence adduced at the trial shows that on January 22, 1975, two days prior to the expiration of the policy, Defendant's employee, a Mrs. Snipes, telephoned Plaintiff's wife who, Plaintiff stipulated, was his agent for business purposes. Her testimony was that she informed Plaintiff's wife, Mrs. Keown, that the policy would expire specifically on January 24, 1975, Mrs. Keown testified that she was not told the exact date of expiration but admitted that Mrs. Snipes did at least state that the policy "would soon expire." Plaintiff and his wife both testified that they discussed the substance of Mrs. Snipes' call on the same day the call was made. It is undisputed that Plaintiff had in his possession at his house the policy then in effect. He knew two days before the policy expired that it "would soon expire", yet he did not examine the policy to ascertain the expiration date.

The evidence further reveals that Plaintiff is a literate and experienced contractor who, by his own admission, has entered into hundreds of construction contracts which he had read and understood. While Plaintiff testified that he had never read any of the 400-500 different Builder's Risk Insurance policies which he has had over the years, he stated that he knew what a policy declaration sheet is and that he knew that the declaration contains the policy period and expiration date.

Clearly, Plaintiff had every opportunity to inspect his policy to ascertain when it would expire and to contact his insurance agent about procuring new, or alternate, coverage if that is what Plaintiff wanted. As the Court said in *Doub, supra,* one who enters a contract should read it and avail himself of every reasonable opportunity to understand its contents. In the case at bar, Plaintiff was contributorily negligent in not reading his policy. Defendant's motion for a directed verdict should have been granted on this ground.

Plaintiff's contention that *Riddle-Duckworth, Inc. v. Sullivan,* 253 S. C. 411, 171 S. E. (2d) 486 (1969), aids his

position is without merit. The following statement from *Doub* applies to the instant case:

"The facts here are entirely different and distinguishable from those in *Riddle-Duckworth,* where the insured had read the policy contract, had not understood the coverage on certain items, including the elevator, and had specifically asked if the operation of the elevator was covered, to which defendant agent, an experienced insurance agent, had replied that it was.
. . ."

Reversed And Remanded for entry of judgment in favor of Defendant-Appellant.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.