808 F.2d 835
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
INTERNATIONAL STAFFING CONSULTANTS, INC., Appellee,
v.
William MORGAN, d/b/a In Search Of, Inc., Appellant.
 No. 86-2534.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 10, 1986.
Decided Dec. 23, 1986.
 
 Before PHILLIPS and WILKINSON, Circuit Judges, and BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 David W. Holmes (Farr & Holmes on brief) for appellant;
 O.W. Bannister, Jr. (Hill, Wyatt & Bannister on brief) for appellee.
 PER CURIAM:
 
 
 1
 William Morgan appeals the trial court's denial of his motions for a directed verdict and for a new trial after a jury returned a verdict against him for common law fraud under South Carolina law. We affirm.
 
 I.
 
 2
 Appellee International Staffing, Inc., is an executive placement firm that finds qualified executive employees for corporate employers. Appellant Morgan operated a rival placement firm called In Search Of, Inc. In late 1983, Steven Bombola, an International Staffing employee, telephoned Morgan at the suggestion of a mutual business acquaintance. During the telephone call, Morgan falsely told Bombola that he was the partner of Victor Posner, a well-known businessman, and that he owned 50% of the Posner organization. Morgan also told Bombola that he was interested in filling executive positions within the Posner organization and proposed that, if Bombola would supply Morgan with the names of potential recruits, Morgan would split the placement fees with him. Believing that Morgan was an employer instead of a rival recruiter, Bombola gave Morgan the names of persons listed with International Staffing. Although Morgan eventually placed these employees, he failed to split the placement fees with International Staffing.
 
 
 3
 International Staffing later learned that the Posner organization had its own placement arm called Bushee and Associates, and that Morgan was supplying Bushee with the names that he received from Bombola. Instead of splitting the placement fees with International Staffing, however, Morgan split the fees with Bushee.
 
 
 4
 International Staffing won a jury verdict against Morgan for fraud under South Carolina law. The jury awarded $12,000 in actual damages and $10,000 in punitive damages.
 
 II.
 
 5
 Appellant now claims that the evidence presented at trial was insufficient to support the jury's verdict. According to appellant Morgan, International Staffing failed to prove two of the nine elements that make out a case of fraud under South Carolina law. Morgan contends that International Staffing failed to prove that it actually relied on Morgan's representations or that it had a right to rely. Morgan argues, therefore, that the trial judge erred in denying his motions for a directed verdict and for a new trial.
 
 
 6
 We disagree. The record contains substantial evidence that International Staffing's employee, Steven Bombola, actually relied on Morgan's representations. First, the jury heard Bombola's testimony that he actually relied. Second, the evidence showed that Bombola gave Morgan names that were potentially valuable to International Staffing. The jury could reasonably have concluded that International Staffing would not have given away the names unless it actually relied on Morgan's promise of something in return.
 
 
 7
 There was also substantial evidence that International Staffing had a right to rely on Morgan's representations. Under South Carolina law,
 
 
 8
 Whether or not reliance upon a representation is justifiable or excusable will depend upon the various circumstances involved, such as the form and materiality of the representations, the respective intelligence, experience, age and mental and physical condition of the parties, and the relation and respective knowledge and means of knowledge of the parties.
 
 
 9
 Thomas v. American Workmen, 197 S.C. 178, 14 S.E.2d 886, 888 (1941). See also Florentine Corp., Inc. v. PEDA I, Inc., 339 S.E.2d 112, 114 (1985). In this case, the jury heard testimony detailing the nature of Morgan's representations, the extent of Bombola's experience in the recruiting field, and the industry's practice of not verifying the identity of telephone clients. The jury weighed the evidence and returned a verdict for International Staffing. Because substantial evidence supported that verdict, we affirm.