**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Pamela Dill as the Attorney-in-Fact and Natural Mother of Britten Teno, Appellant,

v.

Colony Insurance Company, Gill-Young Insurance (now known as "Gill Insurance, LLC" or "The Gill Agency"), and Hull & Company, Inc., Respondents.

Appellate Case No. 2011-192486

———————————

Appeal From York County
S. Jackson Kimball, III, Special Circuit Judge

———————————

Unpublished Opinion No. 2013-UP-295
Heard June 11, 2013 – Filed June 26, 2013

———————————

**AFFIRMED**

———————————

John S. Nichols, of Bluestein, Nichols, Thompson & Delgado, LLC, of Columbia, and Robert V. Phillips, of McGowan, Hood & Felder, LLC, of Rock Hill, for Appellant.

Joel W. Collins, Jr., of Collins & Lacy, PC, of Columbia, and Robert F. Goings, of Goings Law Firm, LLC, of Columbia, for Respondent Gill-Young Insurance.

Phillip E. Reeves and Jennifer D. Eubanks, both of
Gallivan, White & Boyd, PA, of Greenville, for
Respondent Hull & Company, Inc.

Elizabeth A. Martineau and L. Kristin King, both of
Martineau King, PLLC, of Charlotte, N.C., for
Respondent Colony Insurance Company.

**PER CURIAM:**  In this action arising out of an alleged assault and battery at The Barn, Inc. d/b/a The Money (The Barn), Pamela Dill, as the attorney-in-fact and natural mother of Britten Teno, appeals from an order of summary judgment in favor of Colony Insurance Company, Gill-Young Insurance, and Hull & Company, Inc. (collectively, Respondents).  Dill argues the trial court erred in: (1) declining to adopt the doctrine of reasonable expectations; (2) finding Respondents did not have a duty to advise Jim Morton, the former president of The Barn; (3) determining Morton's failure to read the insurance policy is a bar to liability; and (4) finding the statute of limitations bars her claims of negligence and negligent misrepresentation.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.     As to Dill's argument the trial court erred in declining to adopt the doctrine of reasonable expectations:  *State v. Freiburger*, 366 S.C. 125, 134, 620 S.E.2d 737, 741 (2005) (holding an issue is not preserved for appeal where one ground is raised below and another ground is raised on appeal); *Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review.").[1]

---

[1] Even if we found the issue preserved, we would affirm.  *See Ex Parte United Servs. Auto. Ass'n*, 365 S.C. 50, 54, 614 S.E.2d 652, 654 (Ct. App. 2005) ("The doctrine of reasonable expectations, which is essentially that the objectively reasonable expectations of insureds as to coverage will be honored even though a careful review of the terms of the policy would have shown otherwise, has been rejected in South Carolina." (citing *Allstate Ins. Co. v. Mangum*, 299 S.C. 226, 231, 383 S.E.2d 464, 466-67 (Ct. App. 1989))).

2.    As to Dill's argument the trial court erred in finding Respondents did not have a duty to advise Morton: *Houck v. State Farm Fire & Cas. Ins. Co.*, 366 S.C. 7, 12, 620 S.E.2d 326, 329 (2005) (determining an insurance agent has no duty to advise an insured at the point of application, absent an express or implied undertaking to do so; however, a duty may be imposed if the agent undertakes to advise the insured); *Gordon v. Fid. & Cas. Co. of N.Y.*, 238 S.C. 438, 450-51, 120 S.E.2d 509, 515 (1961) (finding no relationship of trust and confidence existed between the insurance applicant and the insurance agent, and silence on the part of the agent with respect to the benefits under the policy was not fraud when the agent did nothing to prevent the applicant from reading the policy); *O'Connor v. Bhd. of R.R. Trainmen*, 217 S.C. 442, 448, 60 S.E.2d 884, 886 (1950) (holding no relation of trust and confidence existed between the insurance applicant and the soliciting agent where they had not known each other prior to the transaction and the agent did nothing to prevent the applicant from reading the application); *Pitts v. Jackson Nat'l Life Ins. Co.*, 352 S.C. 319, 331, 574 S.E.2d 502, 508 (Ct. App. 2002) ("[A]n applicant for an insurance policy does not stand in a fiduciary relationship with the insurer."); *Carolina Prod. Maint., Inc. v. U.S. Fid. & Guar. Co.*, 310 S.C. 32, 37-38, 425 S.E.2d 39, 42-43 (Ct. App. 1992) (holding the insurance agent was not negligent in obtaining a business liability policy for the insured company that contained a "care, custody, or control" exclusion because the exclusion was standard, so the agent could not have obtained policy without it, and the agent did not assume any special duty to advise the insured).

3.    As to Dill's argument the trial court erred in determining Morton's failure to read the insurance policy is a bar to liability: *Doub v. Weathersby-Breeland Ins. Agency*, 268 S.C. 319, 326-327, 233 S.E.2d 111, 114 (1977) (finding the insurance agency was not liable for an alleged misrepresentation that the policy covered everything, when it excluded loss caused directly or indirectly by frost, cold weather, ice, snow, or sleet, because the plaintiff had 18 months to inform himself of the terms, conditions, and exclusions in the written insurance contract, yet he made no effort to do so and never read the contract); *Gordon*, 238 S.C. at 446-47, 120 S.E.2d at 513 ("We have consistently followed the rule that ordinarily one cannot complain of fraud in the misrepresentation of the content of a written instrument when the truth could have been ascertained by reading the instrument, and one entering into a written contract should read it and avail himself of every reasonable opportunity to understand its content and meaning."); *O'Connor*, 217 S.C. at 449, 60 S.E.2d at 886-87 ("[I]t was gross negligence for one to sign an application for insurance without knowing its contents and without considering the effect it would have upon his rights."); *Frierson v. Inter-Ocean Cas. Co.*, 168 S.C.

178, 182-83, 167 S.E. 232, 234 (1933) (holding there was no actionable fraud because the plaintiff was negligent in failing to read the application and in failing to inspect the policy after it was delivered).

4.      As to Dill's argument the trial court erred in finding the statute of limitations bars her claims of negligence and negligent misrepresentation:  S.C. Code Ann. § 15-3-530(1) and (5) (2005) (providing the following actions must be commenced within three years:  "(1) an action upon a contract, obligation, or liability, express or implied" and "(5) an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law."); S.C. Code Ann. § 15-3-535 (2005) ("[A]ll actions initiated under Section 15-3-530(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action."); *Christensen v. Mikell*, 324 S.C. 70, 73, 476 S.E.2d 692, 694 (1996) ("The statutory limitations period begins to run when a person could or should have known, through the exercise of reasonable diligence, that a cause of action might exist in his or her favor, rather than when a full-blown theory of recovery is developed.").

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**