**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bouchelle Incorporated, Appellant,

v.

Canopius US Insurance, Inc., Seneca Specialty Ins. Co., the Brinson Agency and John Brinson, Defendants,

Of Which the Brinson Agency and John Brinson are the Respondents.

Appellate Case No. 2018-001353

———————

Appeal From Charleston County
Jennifer B. McCoy, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-302
Submitted June 1, 2019 – Filed August 21, 2019

———————

**AFFIRMED**

———————

Karen Marie DeJong, of DeJong Law Firm, LLC, of Mount Pleasant, for Appellant.

Andrew W. Countryman, of Countryman Law Firm, of Mount Pleasant, for Respondents.

———————

**PER CURIAM:** Appellant Bouchelle Incorporated, a general contractor, brought this action against Canopius US Insurance, Inc., Seneca Specialty Ins. Co., and The Brinson Agency and John Brinson (collectively, Brinson) for breach of contract, a declaratory judgment, and attorney's fees after Canopius, Bouchelle's insurer, and Seneca both refused to pay a claim for damage allegedly caused by a subcontractor that was hired by Bouchelle and insured by Seneca. In separate orders, the circuit court dismissed each of the defendants. Bouchelle appeals only the grant of summary judgment to Brinson. We affirm.[1]

1. Bouchelle correctly points out the appealed order resulted from a second summary judgment motion that Brinson filed and was issued by a different circuit judge than the one who denied Brinson's first summary judgment motion. Based on these circumstances, Bouchelle argues Brinson should not now be able to "benefit from a different judge." Because nothing in the record before this court indicates Bouchelle raised this concern when the circuit court considered Brinson's second motion, we decline to address it on appeal. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *Bonaparte v. Floyd*, 291 S.C. 427, 444, 354 S.E.2d 40, 50 (Ct. App. 1987) (stating the appellant "had the burden of furnishing a sufficient record for this [c]ourt's review").

2. As to the circuit court's finding that there was no contract between Bouchelle and Brinson, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Pitts v. Jackson Nat'l Life Ins. Co.*, 352 S.C. 319, 336, 574 S.E.2d 502, 510 (Ct. App. 2002) (noting the supreme court "has held there is no relationship of trust and confidence between an applicant and an insurance agent" (citing *Gordon v. Fidelity Cas. Co. of N.Y.*, 238 S.C. 438, 451, 120 S.E.2d 509, 515 (1961))); *Trotter v. State Farm Mut. Auto. Ins. Co.*, 297 S.C. 465, 471, 377 S.E.2d 343, 347 (Ct. App. 1988) ("Generally, an insurer and its agents owe no duty to advise an insured."); *id.* at 472, 377 S.E.2d at 347 ("A request for 'full coverage,' 'the best policy,' or similar expressions does not place an insurance agent under a duty to determine the insured's full insurance needs, to advise the insured about coverage, or to use his discretion and expertise to determine what coverage the insured should purchase.").

3. We further affirm the circuit court's finding that Bouchelle's breach of contract claim against Brinson must fail because even if Brinson acted without authority

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

when it renewed, on Bouchelle's behalf, an insurance policy that allegedly provided insufficient coverage, Bouchelle had the means to discover its coverage was inadequate and to request additional coverage before the incident giving rise to this litigation took place. *See Gordon*, 238 S.C. at 451, 120 S.E.2d at 515-16 (holding when an insured has "ample opportunity to examine the insurance policy in question" yet fails to do so, this failure "negates [a] cause of action for fraud and deceit" arising from allegations of insufficient coverage); *Doub v. Weathersby-Breeland Ins. Agency*, 268 S.C. 319, 326, 233 S.E.2d 111, 114 (1977) ("One entering into a contract should read it and avail himself of every reasonable opportunity to understand its contents and meaning."). Furthermore, even if Bouchelle was correct that Brinson made itself a party to the insurance contract between Bouchelle and Canopius by acting on Bouchelle's behalf without authorization, the only obligations that would have been enforceable against Brinson would have been those Bouchelle would have owed to Canopius under the terms of the policy. *See Skinner & Ruddock, Inc. v. London Guarantee & Accident Co.*, 239 S.C. 614, 619, 124 S.E.2d 178, 180 (1962) (noting an agent may be held liable on a contract made by the agent "in the name of his principal without authority [when] the principal is not liable," but "recovery could not be had against both the principal . . . and the agent").

4. Finally, we affirm the dismissal of Bouchelle's claim for attorney's fees against Brinson. The claim was based on section 38-59-40 of the South Carolina Code (2015), which authorizes a trial court to award reasonable attorney's fees when *an insurer* has been sued by its insured for refusal to pay a claim and the court has found "that the refusal was without reasonable cause or in bad faith." Brinson, as an insurance agent rather than an insurer, cannot be found liable for attorney's fees under this statute.

**AFFIRMED.**

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**