[Civ. No. 1405, Second Appellate District.—February 13, 1914.]

## MARGARET LILLIE, Respondent, v. WILLEDD ANDREWS, Appellant.

FRAUD — ACTUAL OR CONSTRUCTIVE — ATTORNEY OBTAINING MONEY THROUGH FALSE REPRESENTATION AS TO DISMISSAL OF ACTION.— In this action to recover money from an attorney on the ground that he procured it through false representations that a certain action had been dismissed, the findings, while they do not show that he was guilty of actual fraud, show that he was guilty of constructive fraud in that, without fraudulent intent, he did by false representations mislead the plaintiff to her prejudice. Omitting from the complaint all reference to actual fraud, as to which no findings were made, the remaining allegations of constructive fraud, found by the court to be true, are ample to support the judgment for the plaintiff.

ID.—ILLEGALITY OF TRANSACTION—WHETHER DEFENSE TO ACTION.— The contention of the defendant in such action that the agreement for the dismissal was illegal and iniquitous will not be considered on his appeal from the judgment if the record does not disclose the illegality.

ID.—MAXIM—ATTORNEY PLEADING INIQUITY IN DEFENSE OF ACTION.— To the maxim, that "no man shall be allowed to found any claim upon his own iniquity," should be added, "no lawyer, when sued for money alleged to have been obtained by him through fraudulent means, should plead his own iniquity as a defense."

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Willedd Andrews, *in pro. per.*, for Appellant.

A. C. Galloway, for Respondent.

SHAW, J.—Action to recover a sum of money alleged to have been obtained by defendant from plaintiff by means of false and fraudulent representations. Judgment went for plaintiff, from which defendant appeals.

It appears from the findings that defendant, at the time he obtained the money, was attorney for Mrs. Collier who had instituted an action for damages against Margaret Lillie, plaintiff herein, for the alleged alienation of the affections of the former's husband, who was defendant in an action for divorce brought by his wife. On March 20, 1912, defendant claiming he was authorized so to do, entered into an agreement with plaintiff for the compromise of the suit against her, in accordance with which she deposited with an escrow holder the sum of one thousand five hundred dollars, to be paid defendant Andrews on April 12, 1912, and at the same time plaintiff and Andrews signed and left with the escrow-holder a stipulation wherein it was agreed that the action brought by Mrs. Collier against Mrs. Lillie, plaintiff herein, should be dismissed and that "Mrs. Lillie's name, nor herself in person," should not appear in the said divorce case "which is to be tried on the 11th day of April, 1912." As per stipulation, defendant, as attorney for Mrs. Collier, moved the court to dismiss the action against Mrs. Lillie, which motion was by the court granted on March 20, 1912. On April 8, 1912, Mrs. Collier, through attorneys substituted for defendant, applied to the court for an order vacating and setting aside the order of dismissal, which application was granted. On April 9th defendant having theretofore directed the escrow-holder to pay to Mrs. Collier nine hundred dollars of the one thousand five hundred dollars so deposited with it by Mrs. Lillie, represented to the latter that the application to have the order dismissing the action vacated and set aside had been by the court denied; whereupon plaintiff, believing and relying upon defendant's statement instructed the escrow-holder to pay the sum so deposited with it to Andrews on his demand therefor. Whereupon Andrews de-

manded and received from the escrow-holder the balance of said sum so deposited with it over and above the nine hundred dollars theretofore directed to be paid to Mrs. Collier, and on April fifteenth instructed the escrow-holder to return the nine hundred dollars to Mrs. Lillie. Thereafter plaintiff made demand upon defendant that he repay to her the six hundred dollars thus obtained upon the false representation that the action had been dismissed, and upon his failure so to do brought suit.

Respondent files no brief, which omission is perhaps due to the fact that appellant presents nothing possessing the slightest merit in support of his appeal. It was alleged in the complaint that defendant, at the time he made the false representations in reliance upon the truth of which plaintiff was induced to part with her money, knew or ought to have known the same to be false. Appellant complains that the court made no finding as to this allegation. Plaintiff's right to recover, however, did not depend upon the truth of the alleged fact that defendant knew the representations to be false. While, as shown by the findings, defendant was not guilty of actual fraud, as defined in section 1572 of the Civil Code, he was guilty of constructive fraud in that, without fraudulent intent, he did by false representations mislead plaintiff to her prejudice. (Civ. Code, sec. 1573.) Omitting from the complaint all reference to actual fraud, the remaining allegations thereof, found by the court to be true, are ample to support the judgment.

Appellant's chief contention is that the agreement and stipulation made with plaintiff for the dismissal of the action was an illegal and iniquitous contract. Says defendant: "It is a maxim of law that no man shall be allowed to found any claim upon his own iniquity." To this, defendant, an attorney at law, should add: "No lawyer when sued for money alleged to have been obtained by him through fraudulent means should plead his own iniquity as a defense to such action." In support of his contention defendant cites the case of *Chateau* v. *Singla,* 114 Cal. 91, [55 Am. St. Rep. 63, 33 L. R. A. 750, 45 Pac. 1,015], wherein it was held that the court should not lend its aid to an accounting of a partnership the purpose of which was to conduct a house of prostitution. While the principle contended for is well

recognized, it is subject for regret that a member of the bar should find himself in a position to invoke the same in defense of an action. Suffice it to say that, since the ground for setting aside the order dismissing the action is not disclosed by the record, there is nothing showing the agreement to be of the character which appellant imputes to his act.

The appeal is wholly without merit, and the judgment is affirmed.

Conrey, P. J., and James, J., concurred.