12677

SHOCKLEY v. WICKLIFFE *ET AL.*

(148 S. E., 476)

*Mr. M. C. Long,* for appellant,

*Messrs. J. R. Earle* and *R. T. Jaynes,* for respondents,

June 11, 1929.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action to recover money paid in settlement of a claim based on two notes secured by real estate mortgages.

The complaint alleges that on December 28, 1908, the plaintiff executed and delivered to C. R. D. Burns a promissory note for $200 payable on December 28, 1909, and a real estate mortgage as security therefor, and that he paid the

debt at maturity and Burns delivered the note and mortgage to him, but he neglected to have Burns cancel the mortgage of record; that on July 21, 1913, plaintiff executed and delivered to Burns a promissory note for $165 payable on July 21, 1914, and as security therefor a real estate mortgage of the same property covered by the former mortgage; and that subsequently he paid that debt and Burns delivered to him the note and mortgage, but he neglected to have Burns cancel the mortgage of record; that in the year 1921, Burns died intestate, leaving surviving him as his only heirs at law and next of kin his children, the defendants Mrs. C. W. Wickliffe and John Burns; and that the defendant C. W. Wickliffe was administrator of his estate, but was discharged prior to May 22, 1928. The complaint sets forth in paragraph 11:

"That on the 2d day of March, 1922, defendants demanded of plaintiff the payment of said two notes above set out, with interest, at which time plaintiff stated to defendants that he had paid both of said notes, and that the said C. R. D. Burns had delivered said notes and mortgages to him when the same were paid, defendants stating that they had said notes and mortgages in their possession and that same had not been paid, nor were they canceled on record, and threatened to enter suit against plaintiff for the collection of said two notes; plaintiff realizing that said two notes were not canceled of record, and being unable to locate the settlement made between him and the said C. R. D. Burns, deceased, and the said notes and mortgages which were delivered to him by the said C. R. D. Burns, and defendants claiming that they had said notes and mortgages in their possession, realizing he had no defense, paid to defendants the sum of $400 as settlement in full of said notes, making said payment under protest, and knowing full well at the time that he had already paid same, which payment plaintiff would not have made except for the statement that defendants had said notes and mortgages in their possession

at the time, and their promise to deliver or mail same to plaintiff after such payment."

The complaint further alleges that some time after paying the $400 the plaintiff received through the mail satisfaction of the mortgages, but the original mortgages were not delivered to him by the defendants at that time or any time thereafter; that before paying the $400 he made diligent search among his old papers for the notes and mortgages, but was unable to locate them until the 22d day of May, 1928, when he found them, along with the settlement had with Burns, among his old papers, where they had been long before the death of Burns; that he was induced by reason of mistake, fraud, and deceit on the part of the defendants to make the payment of $400, the benefit of which was received by the defendants, and that he did not discover such mistake, fraud, and deceit until his discovery of the papers on the 22d day of May, 1928.

During the argument of a motion in the case, the defendants interposed an oral demurrer to the complaint, which was sustained by Judge Townsend by the following order:

"'The defendants having interposed an oral demurrer to both the original and amended complaints in the above-entitled action, on the ground that the complaint as amended as well as in its original form, does not state facts sufficient to constitute a cause of action, in that it appears upon the face of the complaint, both original and amended, that plaintiff, without, requiring the production of the papers he says he believed were in possession of defendants, made a voluntary settlement of both the disputed claims, on the 2d day of March, 1922, by the payment of $400 in money as settlement in full the two notes and mortgages mentioned and described in the complaint; and after hearing argument of counsel, under such circumstances, the plaintiff cannot recover the money so paid.

"It is ordered that said demurrer be and it is hereby sustained, and the complaint as amended dismissed."

From this order the plaintiff appeals by exceptions which it is unnecessary to set out or consider seriatim; they raise the questions whether the payment of the $400 by the plaintiff was a voluntary payment and whether it was induced by mistake, fraud, or deceit.

We think that Judge Townsend was correct in finding that the payment was a voluntary one. Taking the allegations of fact in the complaint to be true, as must be done upon demurrer, we find no facts which show the payment to have been involuntary. If, when demand was made upon the plaintiff for settlement of the notes by the defendants, he had refused to pay them, the defendants could not have subjected him to serious injury or risk in respect to his person or property or any right in such manner as to constitute coercion or duress; the most that they could have done was to bring suit for collection of the notes, and all that they did do, as appears from the record, was to threaten such suit. But the threat of a lawsuit does not constitute coercion or oppression. It is the business of the Courts to settle disputes between litigants, and to hold that a threat of bringing suit for collection of a note is oppression would be to defeat the very purposes for which the Courts were established. *Shuck v. Interstate Building & Loan Ass'n,* 63 S. C., 134, 41 S. E., 28.

Nor can the plaintiff prevail on the theory that the money was paid under a mistake. It is well-settled law that money voluntarily paid with full knowledge of all material facts and without any fraud, duress, or extortion cannot be recovered, although there was no legal obligation to make such payment. *Kenneth & Gibson v. Railway Co.,* 15 Rich., 284, 98 Am. Dec., 382; *Hardaway v. Southern Railway,* 90 S. C., 475, 73 S. E., 1020, Ann. Cas., 1913-D, 266. In the case at bar, the plaintiff contends that he paid the $400 under the mistaken belief that the defendants held the notes and mortgages as they stated. Of course, there could be no mistake on the part of the defend-

ants, the only possible mistake, if any, being one on the part of the plaintiff. But the facts either were peculiarly within his knowledge or he had the means of knowledge at hand, and, unless he made a reasonable use of such means of knowledge, he cannot be heard to say that he paid the money under a mistake of fact.

Nor is the plaintiff in any better situation upon the theory of fraud. The complaint alleges—and, as we see it, this is the crux of the entire matter—that the plaintiff paid the $400 in reliance upon the representations made by the defendants that they had the notes and mortgages in their possession. But before a representation can constitute fraud it must be relied upon by the representee and he must have the right to rely upon it. We do not see how the plaintiff in this case had any right to rely upon any representation made by the defendants that they had the notes and mortgages in their possession. The complaint shows that at the time he paid the money to the defendants he knew that he had already paid the notes and that the notes and mortgages had been delivered to him and were then in his possession, though he was unable to locate them. He did not take the simple precaution of demanding that the defendants produce the notes and mortgages as a prerequisite to payment, nor did he even demand a satisfaction of the mortgages as such prerequisite, the complaint showing that he did not receive the satisfaction until some time after he made the payment. He was grossly negligent in paying the money to the defendants, when by the exercise of the slightest diligence he could have ascertained that they did not in fact hold the notes and mortgages, and so could have avoided payment. He clearly had no right, under the circumstances, to rely upon the representations made by the defendants that they had the notes and mortgages in their possession, and hence cannot maintain his plea of fraud.

The order appealed from is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.