17644

Annie OUTLAW, Respondent, v. CALHOUN LIFE INSURANCE
COMPANY, Appellant

(113 S. E. (2d) 817)

*John Gregg McMaster, Esq.,* of Columbia, *for Appellant,*

*Messrs. Donald H. Holland* and *Murchison, West & Marshall,* of Camden, *for Respondent,*

April 13, 1960.

Moss, Justice.

This is an action to recover damages for alleged fraud and deceit in inducing the respondent, Annie Outlaw, to execute to Calhoun Life Insurance Company, the appellant herein, a final release and discharge from all obligation and liability under an insurance policy upon the life of Stephen L. Edenfield.

It appears from the complaint that the appellant issued a life insurance policy upon the life of Stephen L. Edenfield, and the policy provided, *inter alia,* that in the event of the death of the insured from natural causes that it would pay to the beneficiary, the respondent herein, the sum of $409.00 and in the event the insured died by accidental means, it would pay the sum of $818.00. It is alleged that the policy was in full force and effect at the time of the accidental death of the insured, and that the beneficiary became entitled to receive, under and pursuant to the provisions of said policy, the sum of $818.00. It is then alleged that the appellant did "by their overreaching and deceitful act, knowingly, will-

fully and fraudulently, procure from the plaintiff herein, a final release and discharge from all obligation and liability resulting from the accidental death of said Stephen L. Edenfield", and, "obtained and procured said final release and discharge from the plaintiff herein by giving her the impression and thought that by signing said final release and discharge, she was giving a receipt for the full amount due under said policy, for the accidental death of her insured son". She further alleges "after executing said release and discharge, saw for the first time the amount of the draft offered her for said release and discharge; that plaintiff then realized the said draft was insufficient to cover benefits to which she was entitled as a result of the accidental death of the insured." The complaint then alleges that the respondent insisted that the agents of the appellant take back said draft and return to her said executed final release and discharge, which said agents failed and refused to do. She further alleges that as a result of the fraudulent and deceitful acts and conduct of the agents of the appellant, by fraudulently procuring said final release and discharge, she has suffered actual and punitive damages.

The appellant demurred to the complaint upon the following ground:

"That the complaint does not state facts sufficient to constitute a cause of action in that it appears upon the face of the complaint that the plaintiff was able to read and executed a release in this action without reading or informing herself of its contents and accepted the benefits of the release, and such release is valid and constitutes a bar to this action."

The demurrer was heard by Honorable James Hugh McFaddin, Presiding Judge, and he overruled such on the ground that the complaint, liberally construed, stated a cause of action for obtaining a release by fraud and deceit. This appeal followed. The sole question for determination by this Court is stated in the following language: "Is the complaint defective in that it appears upon its face that the plaintiff was able to read and executed a release in this action with-

out reading or informing herself of its contents and accepted the benefits of the release, and such release is valid and constitutes a bar to this action?"

It is elementary that in passing upon a demurrer, the Court is limited to a consideration of the pleadings under attack, all of the factual allegations thereof that are properly pleaded are for the purpose of such consideration deemed admitted. We have also held that when a fact is pleaded, whatever inferences of law or conclusions of fact may properly arise from it, are to be regarded as embraced in such averment. *Roper v. South Carolina Tax Commission,* 231 S. C. 587, 99 S. E. (2d) 377.

In an action for fraud and deceit, the plaintiff, in order to state a good cause of action, must allege (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) his intent that it should be acted upon by the person; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury. *Jones v. Cooper,* 234 S. C. 477, 109 S. E. (2d) 5, and *Mishoe v. General Motors Acceptance Corporation,* 234 S. C. 182, 107 S. E. (2d) 43.

We have held that it is not necessary to plead fraud *in haec verba.* It is sufficient if the language used means fraud. *Eskew v. Life Ins. Co. of Virginia,* 190 S. C. 515, 3 S. E. (2d) 251.

Construing the complaint herein liberally in favor of the respondent, as was done by the learned Circuit Judge, it is alleged that the appellant gave her "the impression and thought" that by signing a release and discharge she was receipting for the full amount due under said policy for the accidental death of her insured son. In this connection the allegation of the complaint is not definite enough to show what the release contained with reference to consideration therefor, but the respondent alleges that after executing said release and the delivery of a draft to her, she discovered for the first time that the said draft was insuffi-

cient to cover accidental death benefits to which she was entitled as a result of the accidental death of the insured. The complaint then alleges that the respondent, upon examination of the draft, insisted that the agents of the appellant take back the draft and return to her the executed final release and discharge, which the appellant failed and refused to do. The respondent, the beneficiary named in the policy of insurance here involved, was dealing with agents of the appellant who were making a settlement with her under said policy. It is inferable from the allegations of the complaint that the agents of the appellant represented to the respondent that she was signing a release for the correct amount due her for the accidental death of her son. We reach this conclusion for the reason that according to the allegations of the complaint, the respondent did not discover until she saw the draft tendered in settlement of her claim, that a lesser amount than the sum due was being paid in settlement of the accidental death claim. If the respondent could not discover such from the release, then a false representation had been made, and such was certainly known to the agents of the appellant. The respondent acted upon the representation made by the appellant, as she had a right to do to her damage and injury. We think that the complaint states a cause of action, and that the trial Judge was correct in overruling the demurrer.

We adhere to the rule that one cannot complain of fraud in the misrepresentation of the contents of a written instrument signed by her, when the truth could have been ascertained by reading the instrument, and one entering into a written contract should read it and avail herself of every opportunity to understand its content and meaning. *Jones v. Cooper, supra.* However, in this case, it is reasonable to conclude that the respondent could not ascertain by reading the release that she was going to receive a lesser amount than the sum due under the policy of insurance here in question.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.