18853

W. L. GUY, JR., Respondent, v. NATIONAL OLD LINE
INSURANCE COMPANY, Appellant

(164 S. E. (2d) 905)

*Messrs. Clinch Heyward Belser of Belser, Belser & Baker,*
of Columbia, and *J. M. McLendon,* of Marion, *for Appellant,*

48

*C. W. Derrick, Esq., of Derrick & Derrick,* of Marion, *for Respondent,*

December 13, 1968.

Bussey, Justice.

In this action for fraud and deceit plaintiff-respondent seeks to recover from the defendant-appellant the sum of $10,000.00 on account of certain alleged false representations by the defendant to the plaintiff, when the plaintiff purchased from the defendant, on or about the first day of March 1951, a Foundation Investment Policy. The complaint alleges that defendant's agent "in an attempt to induce the plaintiff to purchase the said policy, falsely, fraudulently and with intent to defraud the plaintiff represented to plaintiff orally and by way of a 'work sheet' (a copy is attached and made a part of this complaint) that if he would take out the said policy and keep the policy in effect for a ten year period, upon the payment of the eleventh year's premium, the plaintiff would be entitled to an amount of $2,076.00 from the defendant; or words of like effect, and for the other benefits contained in the said policy of insurance."

The complaint further alleged that the foregoing representation was false in fact and known to be false at the time it was made; that the policy contained no mention of the amount represented and, therefore, did not affirm or disaffirm such representation, and that by reason of such false representation plaintiff was induced to take out the said policy and pay the premiums thereon. It is further alleged that the truth or falsity of the representation could not be ascertained from reading the policy and that the plaintiff was, in fact, unable to do so. That any possible explanation or reference within the policy to the amount payable after the ten year period was unclear, indefinite and confusing to the ordinary prudent man and plaintiff had no way of ascertaining the truth or untruth of the representation and, therefore, no reason to disbelieve the representation made to him. It is further alleged that at the time of the payment of

the premium for the eleventh year the defendant tendered a check for $361.80, instead of $2,076.00, as represented by the defendant's agent, which check was refused by the plaintiff.

The policy was not attached to or made a part of the complaint. The attached work sheet indicates, *inter alia,* that plaintiff was 31 years of age at the time and that the annual deposit was in the amount of $233.05. The deposits for eleven years would, accordingly, amount to $2,563.55. The defendant removed the case to the Federal District Court and duly filed an answer denying the allegations of the camplaint and asserting that the policy itself was the best evidence of its terms, and contained a full, concise and clear explanation of the amount payable, if any, at the end of the period of time concerned. The case was thereafter remanded to the Court of Common Pleas for Marion County, whence it originated. Sometime thereafter, the defendant served a notice of motion for an order dismissing the complaint on the ground that it did not state facts sufficient to constitute a cause of action because it appeared on the face of the complaint that the policy contained no mention of the amount, allegedly represented to plaintiff as a benefit of the policy, and that the plaintiff had failed to take advantage of the opportunity and means afforded him to protect his own interest during the period of time which had elapsed since the inception of the policy.

Defendant's motion, in essence and effect a demurrer, did not incorporate the policy by reference or otherwise. Such motion was argued before the resident circuit judge and overruled by an order dated September 23, 1966. Before ruling on the motion, the circuit judge obtained from plaintiff's counsel the insurance policy and his order reflects that his decision was, in part, based upon the contents of the policy. The appeal is, of course, from the order overruling the defendant's motion.

It is elementary that in passing upon a demurrer the court is limited to a consideration of the pleadings under attack, and all of the factual allegations thereof that are properly pleaded are, for the purpose of such consideration, deemed admitted. It follows that the circuit judge was in error in considering the policy and in part basing his order on the contents thereof. The portions of his order dealing with the contents of the policy are not affirmed, but such does not necessarily mean that he did not reach a correct result. The question still remains whether the complaint, without the aid and benefit of the policy, sufficiently states a cause of action, good against demurrer.

Defendant's demurrer is predicated on the general rule of law stated in the case of *Gordon v. Fidelity & Casualty Co. of N. Y.*, 238 S. C. 438, 120 S. E. (2d) 509 (1961), as follows:

"We have consistently followed the rule that ordinarily one cannot complain of fraud in the misrepresentation of the content of a written instrument when the truth could have been ascertained by reading the instrument, and one entering into a written contract should read it and avail himself of every reasonable opportunity to understand its content and meaning."

While the quoted general rule originated in this jurisdiction with respect to contracts other than insurance policies, it has been applied by this court in numerous cases wherein it was alleged that fraudulent misrepresentations on the part of an insurer induced an insured to purchase a particular insurance policy. It was apparently first so applied by this court in *Frierson v. Inter-Ocean Casualty Co.,* 168 S. C. 178, 167 S. E. 232 (1933), a decision apparently predicated in large measure on the reasoning of the court in *Colt Co. v. Britt,* 129 S. C. 226, 123 S. E. 845 (1924), a case wherein a defendant sought to avoid a contract for alleged fraud in the procurement thereof.

In compliance with this rule, we have repeatedly held that where the conduct of a policy holder amounted to a reckless or conscious disregard of his duty to avail himself of the opportunity and means at hand to note the contents of his policy and protect his own interest, he was barred from asserting fraud on the part of the insurer at the inception of the policy. We apparently have not, however, had reason to consider, and do not now pass upon, the question of whether mere negligence in such respect, as opposed to conscious or reckless disregard of duty, would preclude one from complaining of fraud in the inception. In the fairly recent case of *Parnell v. United Am. Ins. Co.,* 246 S. C. 26, 142 S. E. (2d) 204 (1965), we found it unnecessary, for the reasons therein stated, to pass upon the contention there made that simple negligence on the part of the plaintiff would not bar recovery in a case predicated upon fraud.

The allegations of the complaint in the instant case, we think, distinguish it from any of our prior decisions. Here it does not appear that the plaintiff failed to read the policy. The complaint is entitled to a liberal construction, and liberally construed, it alleges that the plaintiff, in fact, read his policy but that the provisions thereof with respect to the amount payable after the ten year period were so unclear, indefinite and confusing that a person of ordinary reason and prudence could not ascertain therefrom that the alleged representation of defendant's agent was, in fact, false, and that the plaintiff, therefore, had no reason to question the representation made to him. Apparently few courts have had occasion to consider a situation where, as here alleged, the policy itself was confusing and failed to clearly show the falsity of the alleged fraudulent misrepresentation.

While the actual opinion is not immediately available to the writer, in 136 A. L. R. 1, 40, it is said,

"But in *Provident Sav. Life Assur. Co. v. Statler* (1911) 17 Ohio CCNS 59, 34 Ohio CC 391 (affirmed without

opinion in (1913) 88 Ohio St. 549, 106 N. E. 1073), where the misrepresentations were as to the amount of the paid-up insurance and participation in the profits, it was contended by the company that the insured was bound to read the policy, and that if it fairly appeared therefrom that the falsity of the representations could have been discovered, the insured was bound thereby; but the court said that so far as the cash profits were concerned no examination, reading, or spelling out of the entire policy gave any notice of the falsity of the representations as to the amount."

In *Southern Casualty Co. v. Hughes,* 33 Ariz. 206, 263 P. 584 (1928), it was held that the acceptance and retention of a policy did not estop the plaintiff from showing an oral contract contrary to the terms of the policy where the plaintiff had no reason to believe from an inspection of the policy that it was not of the kind promised.

In *Crosby v. Metropolitan Life Ins. co.,* 161 S. C. 519, 159 S. E. 926 (1931), 167 S. C. 255, 166 S. E. 266 (1932), plaintiff procured and paid the premiums on a policy of insurance upon the life of her cousin, allegedly believing from representations of the agent that she was named beneficiary therein, and upon the death of her cousin sued for damages when she ascertained that she had not, in fact, been named beneficiary. The defendant demurred on the ground that several causes of action had been improperly united. On the first appeal, from an order overruling the demurrer, the court construed the complaint as stating only a single cause of action, but pointed out that the question of the sufficiency of the complaint, as stating such a cause of action, was not properly before the court. The complaint alleged, and on the trial evidence for the plaintiff showed, *inter alia,* that she had been induced by the agent to believe that a "trick clause" in the policy made her the beneficiary when, in fact, it did not. On the second appeal a verdict for the plaintiff for both actual and punitive damages was affirmed. This case is not directly in point, but it is the only South Carolina case coming to our attention, where it was alleged, as here, that

the language of the policy itself was confusing, and that such was a factor in causing the false representation to be accepted as true. To that extent, the decision is persuasive in the instant case.

Another South Carolina case, not directly in point factually, but of persuasive influence, is the decision of this court in the fairly recent case of *Outlaw v. Calhoun Life Ins. Co.,* 236 S. C. 272, 113 S. E. (2d) 817 (1960). There the plaintiff sued for alleged fraud and deceit in inducing her to execute a release. A demurrer on the part of the defendant was overruled and this court affirmed. Just as we do not have before us here the policy, the court there did not have before it the release. It was held that it was a reasonable conclusion from the allegations of the complaint that the plaintiff could not ascertain by reading the release that the alleged representations, which induced her to sign the release, were false.

*Hood v. Life and Casualty Ins. Co.,* 173 S. C. 139, 175 S. E. 76 (1934), was one of the cases in which this court held that the conduct of the plaintiff, in the circumstances shown, amounted to a conscious or reckless disregard of her duty to avail herself of the opportunity and means at hand to protect her own interest. The court there quoted with approval, as a controlling principle, the following from the opinion in *J. B. Colt Company v. Britt,* 129 S. C. 226, 123 S. E. 845,

"'Whether or not reliance upon a representation in a particular case is justifiable or excusable, what constitutes reasonable prudence and diligence with respect to such reliance, and what conduct constitutes a reckless or conscious failure to exercise such prudence, will depend upon the various circumstances involved, such as the form and materiality of the representation, the respective intelligence, experience, age, and mental and physical condition of the parties, the relation and respective knowledge and means of knowledge of the parties, etc. 26 C. J. 1144, § 59.' "

Based on the foregoing authorities and enunciated principles, we conclude that the allegations of the complaint do not show on their face such conduct on the part of the plaintiff as would clearly estop him from asserting or complaining of fraud on the part of the defendant at the inception of the contract. Whether or not he is estopped will depend upon all of the circumstances of the case, as developed by the evidence on a trial. We are satisfied that the lower court reached the correct result in overruling defendant's motion, and the judgment of the lower court is, therefore, in result,

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.