0435

William D. GILES, Respondent, v. LANFORD & GIBSON, INC., Appellant.

(328 S. E. (2d) 916)

Court of Appeals

*Herman E. Cox,* Greenville, *for appellant.*

*Henry F. Floyd,* of *Acker, Acker, Floyd & Welmaker,* Pickens, *for respondent.*

Heard Jan. 21, 1985.

Decided April 11, 1985.

BELL, Judge:

This is an action for fraud in the issuance of an insurance policy. The jury returned a verdict of $25,000 for constructive fraud in favor of the insured, William D. Giles. The insurance agent, Lanford & Gibson, appeals. We affirm.

In June, 1978, Giles borrowed $25,000 from the Bank of Greer to purchase ten acres of land on Frady Road in Greenville County. Giles planned to restore an unoccupied, fire damaged house on the property as a residence for himself and his family. To secure the loan, Giles gave a mortgage covering the Frady Road property and his existing residence in the Blue Ridge section of Greenville County. The mortgage required Giles to insure the house and buildings on the Frady Road property for not less than $12,000 fire and extended coverage.

Giles had previously obtained fire insurance on his Blue Ridge home through Lanford & Gibson, an insurance agency with whom he had done business for some nine years. On

Friday, June 16, 1978, immediately following the closing on the Frady Road property, Giles went to the office of Lanford & Gibson in Greer. He spoke with Brenda Mullinax, who was not a licensed agent, but who had actual authority to deal with him. Giles explained his plans to renovate the fire damaged house and told Mullinax he needed $25,000 insurance on the property to cover his mortgage with the Bank of Greer. Mullinax wrote a $25,000 "Builders' Risk" policy on the property with a loss payable clause to the Bank of Greer. She told Giles the policy covered him for $25,000. After Giles paid the premium in cash, Mullinax gave him a copy of the policy. She did not explain the policy to Giles. Without reading it, Giles took the policy home and put it in his dresser drawer.

On July 20, 1978, the day before building materials were delivered to the Frady Road site, a second fire gutted the house. Giles filed a $25,000 claim for the loss. The insurer denied coverage on the ground that the "Builders' Risk" policy did not cover the loss, because construction had not yet begun on the house. Giles sued the insurer on the policy and recovered a judgment of $12,500. Thereafter, he commenced this action against Lanford & Gibson for fraud in issuing the policy.

I.

Lanford & Gibson first argue the trial judge should not have submitted the case to the jury on the theory of constructive fraud. They contend the pleadings and proof were based solely on a theory of actual fraud. Consequently, they argue it was error for the judge to charge the jury on a theory not raised by the pleadings or the evidence. *See Dunsil v. E. M. Jones Chevrolet Co.*, 268 S. C. 291, 233 S. E. (2d) 101 (1977) (error in fraud and deceit action to instruct jury on breach of contract accompanied by fraudulent act); *cf. Crocker v. Crocker*, 281 S. C. 154, 314 S. E. (2d) 343 (S. C. App. 1983) (judgment must be supported by theory of action upon which pleadings are based).

In *Greene v. Brown*, 199 S. C. 218, 223, 19 S. E. (2d) 114, 116 (1942), our Supreme Court defined constructive fraud as follows:

> Constructive fraud is a breach of legal or equitable duty which, irrespective of the moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests.
>
> Neither actual dishonesty of purpose nor intent to deceive is an essential element of constructive fraud. An intent to deceive is an essential element of actual fraud. The presence or absence of such an intent distinguishes actual fraud from constructive fraud.

(citation omitted); *accord, O'Quinn v. Beach Associates,* 272 S. C. 95, 249 S. E. (2d) 734 (1978).

In his complaint, Giles alleged that Lanford & Gibson falsely told him the "Builders' Risk" policy would provide $25,000 coverage for loss to the fire damaged house. He further alleged that Lanford & Gibson "knew or should have known" this representation was false.

An allegation that the defendant ought to have known the falsity of the misrepresentation is sufficient to support an action for constructive fraud. *Lillie v. Andrews,* 24 Cal. App. 10, 139 P. 1081 (1914). In this case, Giles made such an allegation and supported it by proof at trial. Accordingly, the trial judge committed no error when he instructed the jury on constructive fraud.

## II.

Lanford & Gibson next argue that there was insufficient evidence to submit the case to the jury or to support the jury's verdict, because Giles failed to prove (1) Mullinax had an intent to deceive him, or (2) he had a right to rely on her statement that the policy gave him coverage on the fire damaged house.

The jury returned a verdict for constructive fraud. Since intent to deceive is not an element of constructive fraud, it was unnecessary for Giles to prove Mullinax intended to deceive him. The argument on this point is without merit.

Concerning the right to rely, Lanford & Gibson argue that Giles could have ascertained the nature of his coverage by reading the policy. Since he failed to read the policy, they insist he had no right to rely on Mullinax's

representation as to the coverage the policy provided. It is true that

> one cannot complain of fraud in the misrepresentation of the content of a written instrument when the truth could have been ascertained by reading the instrument, and one entering into a written contract should read it and avail himself of every reasonable opportunity to understand its contents and meaning.

*Guy v. National Old Line Ins. Co.*, 252 S. C. 47, 49, 164 S. E. (2d) 905, 906 (1968) (citation omitted). However, with respect to insurance policies our courts have also held:

> Whether or not reliance upon a representation in a particular case is justified or excusable, what constitutes reasonable prudence and diligence with respect to such reliance, and what conduct constitutes a reckless or conscious failure to exercise such prudence, will depend upon the various circumstances involved, such as the firm and materialty [sic] of the representations, the respective intelligence, experience, age, and mental and physical condition of the parties, and the relation and respective knowledge and means of knowledge of the parties.

*Thomas v. American Workmen*, 197 S. C. 178, 182, 14 S. E. (2d) 886, 888, 136 A. L. R. 1, 4 (1941).

Given the circumstances involved in this case, we hold that Giles had a right to rely on the representation that the policy gave him coverage on the fire damaged house. Lanford & Gibson concede that when he came to their office to request insurance, Giles did not know what type of coverage he needed. Thus, they were in the position to know Giles was relying on their expertise as insurance agents to provide him proper coverage. They were possessed of superior experience, knowledge, and means of knowledge in relation to Giles. In the circumstances, it was reasonable for Giles to assume the truth of any representations they made concerning the coverage provided by the policy they were writing for him.

Moreover, we find that Giles could not have discovered the falsity of the representation by reading the policy. The

heading on the policy and the declarations page designates it as a "Standard Fire Policy." The insuring clause states that the company is insuring the property involved from the inception date to the expiration date

> to the extent of the actual cash value of the property at the time of loss ... against all **DIRECT LOSS BY FIRE, LIGHTNING AND BY REMOVAL FROM PREMISES ENDANGERED BY THE PERILS INSURED AGAINST IN THIS POLICY, EXCEPT AS HEREINAFTER PROVIDED....**

The declaration page states the policy period is from June 16, 1978, to June 16, 1979. None of the exclusions in the policy states that insurance will not be in effect from the beginning of the policy period.

Attached to the policy is an endorsement headed "Builders' Risk Completed Value Form." Nothing in the endorsement defines builders' risk insurance or expressly states coverage will not be effective until construction commences. The description of the coverage provided is, to say the least, confusing, if not incomprehensible. Reasonable lawyers could disagree on its meaning. We, therefore, doubt a layman such as Giles, with an eighth grade education, could have deciphered the language sufficiently to conclude the policy provided a different coverage than that represented by the insurance agent.

For these reasons, we reject the argument that Giles had no right to rely on Mullinax's representations concerning the coverage afforded by the policy.

### III.

Lanford & Gibson also take exception to several portions of the charge to the jury.

### A.

Among other things, the judge charged the following:

> (1) that nondisclosure of a material fact may constitute fraud if there is a fiduciary relationship which imposes a duty to disclose on the defendant;
> (2) that an agent may be held liable to his principal for negligence; and

(3) that the terms of an insurance policy should be construed liberally in favor of the insured and any ambiguity resolved against the insurer.

Lanford & Gibson argue that these charges were erroneous because (1) no fiduciary relation was proved, (2) there was no cause of action for negligence as opposed to fraud, and (3) construction of the insurance contract was not at issue because both parties agreed the policy did not provide coverage for the loss Giles incurred.

We do not approve the "shotgun" charge given in this case. In certain particulars, it went beyond the issues raised by the pleadings and proof. However, reversal is not warranted because Lanford & Gibson have failed to show prejudice. *See Alexander v. Durham Life Ins. Co.*, 181 S. C. 331, 187 S. E. 425 (1936).

It is clear from the verdict that the jury decided the case on a theory of constructive fraud. The charge on non-disclosure by a fiduciary was not material to the result, as Mullinax made an affirmative representation about the coverage provided by the policy. Lanford & Gibson were liable for affirmative statements whether or not a fiduciary relationship existed.

Since the jury found constructive fraud, not negligence, the charge regarding negligence obviously had no influence on their verdict. Therefore, Lanford & Gibson were not prejudiced by the judge's instruction on this issue.

Similarly, the charge regarding construction of insurance contracts was harmless. Lanford & Gibson took the position that the policy did not cover the loss to the Frady Road property. The jury necessarily agreed with this interpretation or they could not have concluded there was a false representation amounting to constructive fraud. Since the jury accepted Lanford & Gibson's interpretation of the policy, the charge could not have been prejudicial.

### B.

Finally, Lanford & Gibson argue the judge erroneously charged the jury on the burden of proof in a fraud case. The record shows that the judge charged the jury twice on the burden of proof. He also stated that fraud cannot be presumed, but must be proven. Read as a

whole, the charge clearly states that to recover for actual or constructive fraud the plaintiff must prove every element of his case by "clear, cogent and convincing evidence." This was a correct statement of the law. *See Greene v. Brown*, 199 S. C. 218, 19 S. E. (2d) 114 (1942); *Singleton v. Mullins Lumber Co.*, 234 S. C. 330, 108 S. E. (2d) 414 (1959). We find no merit in the exceptions on this issue.

For the reasons stated, the judgment of the circuit court is

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.