22429

FLORENTINE CORPORATION INC., Appellant, v. PEDA I, INC., Katherine L. Baldwin, Claude Baldwin, III and Ralph M. Hendricks, Respondents.

(339 S. E. (2d) 112)

Supreme Court

*Edward L. Graham* of *Zeigler, McEachin & Graham,* Florence, *for appellant.*

*J. Randolph Pelzer* and *John P. Algar* of *Pelzer & Chard,* Charleston, *for respondents.*

Heard Nov. 6, 1985.

Decided Dec. 17, 1985.

HARWELL, Justice:

This is an action for rent and other sums alleged to be due under a lease agreement. The jury found that the appellant fraudulently induced the respondents to enter the lease. A verdict was rendered for the respondents but no damages, either actual or punitive, were awarded. The appellant contends that the trial judge should have granted the appellant's motions for a directed verdict, involuntary nonsuit, judgment notwithstanding the verdict, or a new trial, based on the respondents' failure to establish a *prima facie* case of fraud. We agree. The judgment below is reversed and the case is remanded to the circuit court for determination of the proper amount of damages.

## FACTS

The individual respondents formed the corporate respondent, PEDA I, Inc., in 1977 in order to obtain a retail athletic shoe franchise called "The Athlete's Foot." After acquiring the franchise, respondents attended a conference of mall developers and negotiated with leasing agents for Magnolia Mall in Florence, South Carolina. The respondents contend that a leasing agent orally promised them that their store would "have no competition," "be the only game in town" and that "the [Athletic] Attic would not be allowed into the mall."

Respondents later signed a lease and guaranty of lease which did not contain any type of exclusivity promise, but which did contain an express acknowledgement that "neither Landlord or any broker has made any representations to or agreement with Tenant which are not contained in this lease." Respondents, after having legal counsel review the lease, executed the lease even though they realized that it did not contain any promise of exclusivity.

Soon after the lease and guaranty were executed, respondents were told that it might become necessary for them to relocate to provide mall frontage for a proposed major department store. Respondents agreed to the change in location. A lease modification agreement providing for the new location was executed.

On June 20, 1979, Magnolia Mall leased a space to one of the respondents' competitors, "The Athletic Attic." The respondents operated "The Athlete's Foot" store in Magnolia Mall for approximately a year and a half. Due to the store's consistent loss of money, it closed its doors in May of 1981.

The issue which lies at the heart of this appeal is whether or not the respondents presented sufficient evidence to create a *prima facie* case of fraud. Fraud is not presumed. It must be established by clear, cogent, and convincing evidence. *Jones v. Cooper,* 234 S. C. 477, 109 S. E. (2d) 5 (1959); *Griggs v. Griggs,* 199 S. C. 295, 19 S. E. (2d) 477 (1942). Respondents allege that appellant fraudulently induced the respondents to enter the lease by representing that the "Athletic Attic" would not be allowed to lease a space in the Magnolia Mall. Respondents also allege that when their business was moved to a new location in the mall, the appellant concealed its intent to lease a space to the "Athletic Attic."

On appeal, we can reverse a jury verdict only if it is without evidentiary support. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). Further, on motions for directed verdict, involuntary non-suit, judgment notwithstanding the verdict, or a new trial, the evidence must be viewed in a light most favorable to the party against whom the motion is directed. *Graham v. Whitaker,* 282 S. C. 393, 321 S. E. (2d) 40 (1984); *Woodward v. Todd,* 270 S. C. 82, 240 S. E. (2d) 641 (1978). The evidence relied on by the respondents with respect to fraud is insufficient to create a *prima facie* case of fraud and the appellant's motions should have been granted.

In order to prove fraud, the following elements must be shown: 1) a representation; 2) its falsity; 3) its materiality; 4) knowledge of its falsity or a reckless disregard of its truth or falsity; 5) intent that the representation be acted upon; 6) the hearer's ignorance of its falsity;

7) the hearer's reliance on its truth; 8) the hearer's right to rely thereon; and 9) the hearer's consequent and proximate injury. Failure to prove any one of these elements is fatal. *O'Shields v. Southern Fountain Mobile Homes, Inc.*, 262 S. C. 276, 204 S. E. (2d) 50 (1974).

The respondents have failed to prove that they had a right to rely on the appellant's representation. The right to rely must be determined in light of the representee's duty to use reasonable prudence and diligence under the circumstances. The determination of what constitutes reasonable diligence and prudence must be made on a case by case basis. Various circumstances which will be considered include the form and materiality of the representation; the respective age, experience, intelligence and mental and physical conditions of the parties; and the relations and respective knowledge and means of knowledge of the parties. *Parks v. Morris Homes Corporation*, 245 S. C. 461, 141 S. E. (2d) 129 (1965).

The representation on which the respondents rely was made during the pre-contract, negotiation stage. The record reveals that the respondents are mature individuals who are college educated and experienced in matters of business. They formed the corporation PEDA I, Inc., for the purpose of opening "Athlete's Foot" franchises throughout South Carolina, and in fact did open six or seven stores throughout the state.

There was no confidential or fiduciary relationship between the respondents and the leasing agents of the mall. The lease was negotiated as an arm's length business transaction. Respondents read the lease prior to signing it and recognized that the owners of the mall had not agreed to refrain from leasing premises to the "Athletic Attic." An attorney reviewed the document on behalf of the respondents before it was signed.

Where there is no confidential or fiduciary relationship and an arm's length transaction between mature, educated people is involved, there is no right to rely. This is especially true in circumstances where one should have utilized precaution and protection to safeguard his interests. *Thomas v. American Workmen*, 197 S. C. 178,

14 S. E. (2d) 886 (1941); *King v. Oxford,* 282 S. C. 307, 318 S. E. (2d) 125 (S. C. App. 1984).

The right to rely is a necessary element that must be proved in a fraud action. *Shockley v. Wickliffe,* 150 S. C. 476, 148 S. E. 476 (1929). The evidence presented at trial was insufficient, as a matter of law, to establish several of the necessary elements of fraud. However, we need only address the failure to show the right to rely on the alleged misrepresentation. The absence of this element alone is enough to defeat the claim of fraud. *O'Shields v. Southern Fountain Mobile Homes, Inc.,* 262 S. C. 276, 204 S. E. (2d) 50 (1974).

The respondents contend that the individual respondents are not liable because they did not sign the lease modification agreement in their personal capacities. The modification agreement provided that the store's location be changed to a larger nearby space for the same amount of rent. The guaranty of lease signed by all three individual respondents specifically provides that the guarantors consent to any and all modifications in the terms, covenants, and conditions of said lease hereafter made or granted. A guarantor is not released by a change in the underlying contract where it is made in accordance with a provision of the guaranty. 38 C.J.S. *Guaranty* § 73 (1943).

Two of the individual guarantors signed the lease modification agreement in their corporate capacity. The third individual guarantor testified that he was aware of the change. The store operated in the new location designated in the lease modification agreement throughout its one and a half years of operation. The individual respondents cannot now be heard to complain that they never assented to the modified lease.

There is ample evidence to establish that the guarantors consented to the modification, either expressly from the language contained in the guaranty agreement or impliedly from their conduct. There is no showing that the change of location materially affected their obligations under the guaranty and there is no showing whatsoever that they were prejudiced by the change.

There is no merit to the respondents' contention that venue was improper.

The judgment below is reversed and the case is remanded to the circuit court for determination of the proper amount of damages.

Reversed and remanded.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.