0646

REGAL LEASING COMPANY, INC., Appellant v. AMERICAN MOTORISTS INSURANCE COMPANY and Winston E. Walden, Respondents.

(341 S. E. (2d) 802)

Court of Appeals

*H. Fred Kuhn, Jr.*, of *Moss, Bailey & Dore*, Beaufort, *for appellant.*

*James S. Gibson, Jr.*, of *Howell, Bowers, Gibson & Boney*, Beaufort, *for respondents.*

Heard Jan. 20, 1986.

Decided March 6, 1986.

GARDNER, Judge:

Regal Leasing Company, Inc., (Regal) sued American Motorist Insurance Company (American) and Winston E. Walden (Walden) for breach of an insurace contract and misrepresentation. The trial judge granted summary judgment in favor of American. We affirm.

Regal leased from its office in Hilton Head, S. C., in September 1981 for 24 months a 1981 Buick to Walden, who made an initial payment of $1,000 of which two monthly payments were included. Walden had an existing insurance policy with American, with a policy period from February 19, 1981 to February 19, 1982; he had an endorsement issued substituting the leased Buick as the covered vehicle with the same expiration date of February 19, 1982. This policy had a premium charge for collision insurance and physical damage for "other than collision." American, on November 25, 1981,

mailed to Walden a notice of termination. This notice also contained Regal's name, but, as will be noted, Regal denied having received the notice of termination.

In the meantime Walden left Hilton Head and drove the car to Texas and then to Florida. About the first of December 1981, Walden either abandoned the car in a parking lot in Florida or lent it to a friend; subsequently, the car was impounded by the police. At any rate, Regal began looking for the automobile because the payments were in arrears and then discovered, in March 1982, that Walden was incarcerated in the penitentiary in South Carolina. American had already obtained a statement from Walden when Regal, in March 1982, interviewed Walden in the penitentiary. Walden refused to cooperate with Regal, giving as a reason that he had given a statement to American and did not want to talk with Regal's agents until he had a copy of the statement given American. In March 1982, Regal requested American to mail to Walden a copy of his statement but American refused to do it.

Regal's agent, Mr. Wakefield, testified that (1) when they recovered the car in September they had to replace a tire and clean up the automobile, (2) they had received a copy of the declaration sheet of the insurance policy and upon seeing it, Regal was satisfied that they had insurance, and (3) Mr. Wakefield did not see the automobile after it was leased. Wakefield was the only employee of Regal who testified. There is no evidence of record that there was a collision or that the automobile was stolen. Wakefield did testify that *apparently* the automobile had run into a curb and damaged a tire but it is to be remembered that Wakefield did not see the automobile after it was leased.

Regal's complaint alleges a cause of action for breach of contract to insure the automobile against theft and collision and also alleges a cause of action for misrepresentation as to the contents of the insurance policy; in the misrepresentation cause of action Regal alleges that American refused upon Regal's request to mail to Walden (who was in the penitentiary) a copy of the statement which Walden had given American.

At issue are whether (1) there were material issues of fact as to breach of contract on the part of American in not

paying for the collision and/or theft loss and (2) there are material issues of fact as to fraudulent misrepresentation as to the contents of the policy and/or a breach of duty to mail at Regal's request, to Walden a copy of the statement which had been given American.

First, the cause of action for breach of contract has no merit because there is no evidence of record of a collision or theft of the automobile; there is, however, evidence of abandonment but this is not covered by the policy.

Second, a plaintiff has no cause of action for fraudulent misrepresentation of the contents of an insurance policy, absent illiteracy or near illiteracy, on the part of the insured, when the insured fails to read the contents of the insurance policy. *Giles v. Lanford and Gibson, Inc.,* 285 S. C. 285, 328 S. E. (2d) 916 (Ct. App. 1985).

Finally, there is no cause of action for failure to cooperate in March 1982, when Regal first requested American to mail to Walden a copy of his statement, because the policy had expired in February 1982 and no duty to disclose[1] then existed on the part of American.

For the reasons stated, we find no error in the granting of summary judgment in favor of American.

Affirmed.

SANDERS, C. J. and BELL, J., concur.

---

[1] For a thorough discussion of the duty or absence thereof on the part of an insurance company to disclose statements made by an insured, *see Heidebrink v. Moriwaki,* 104 Wash. (2d) 392, 706 P. (2d) 212 (1985).