0884

Wardell M. BARBER, Appellant v. Lexter BARBER, Respondent.

(353 S. E. (2d) 882)

Court of Appeals

*John A. Martin,* Winnsboro, and *James B. Richardson, Jr.,* Columbia, *for appellant.*

*Thomas D. Broadwater,* Columbia, *for respondent.*

Heard Jan. 21, 1987.

Decided Feb. 23, 1987.

SHAW, Judge:

Appellant-husband, Wardell M. Barber, appeals a family court order vacating an annulment the husband obtained by default against the respondent-wife, Lexter Barber. We reverse.

In an appeal from the family court, this court may find facts according to its own view of the preponderance of the evidence. *Smith v. Smith*, 275 S. C. 494, 272 S. E. (2d) 797 (1980).

These parties were married in January of 1983. The wife, while a resident of New York, had obtained a Mexican divorce in 1967. The wife testified she informed the husband of the divorce prior to their marriage and that she showed him the decree. The husband filed a summons and petition for annulment on November 1, 1984, alleging the wife's Mexican divorce is invalid. The wife acknowledges both documents were served on her on November 1, 1984. However, she failed to respond to the petition and, in January of 1985, an order was issued granting the husband an annulment. In August of 1985, the wife petitioned the family court to vacate the order of annulment. She claimed she failed to respond to the husband's action because the husband, through his attorney, fraudulently misrepresented to her the Mexican divorce was invalid. The family court vacated the order of annulment, finding the parties agreed the wife would receive $25,000.00 in settlement of any claims against the husband and that she had not received any of the $25,000.00.

We hold the evidence fails to prove fraud by the husband and, therefore, reverse the order vacating the annulment.

The wife argues the husband, through his attorney, misrepresented to her the Mexican divorce is invalid. Even if this is a misrepresentation, the wife's reliance on this in failing to answer is unjustifiable. As such, it cannot support a claim of fraud. *First National Bank of Greenville v. United States Fidelity & Guaranty Co.*, 207 S. C. 15, 35 S. E. (2d) 47, 162 A.L.R. 1003 (1945) (fraud cannot be predicated on misrepresentations as to matters of law, much less on mere mistake of law); *Florentine Corporation, Inc. v. Peda I, Inc.*, 287 S. C. 382, 339 S. E. (2d) 112 (1985). The wife testified she thought the attorney was working for her as well as her husband. However, the evidence does not

support this. Nothing in the record indicates the lawyer ever advised the wife in a fiduciary manner. Receipt of the summons and petition should have put the wife, an educated person, on notice she needed to protect her interests by seeking legal advice. The summons clearly informed her of the need to answer the petition, and, was an opportunity for her to make a claim for any money due to her.

We also hold the record does not support an agreement by the parties in which the wife would receive $25,000.00. The family court based its finding of such an agreement on letters from the husband's lawyer to the wife. The record supports the terms of such an agreement were discussed by the parties. However, no agreement was ever finalized. In fact, the wife, in her testimony, adamantly insists the parties never reached such an agreement. Therefore, we hold it was error for the family court to vacate the order of annulment based on a supposed agreement by the parties.

Reversed.

SANDERS, C. J., and BELL, J., concur.